JS 44 (rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BARRY M. PORTNOY and GERARD M. MARTIN, as Trustees for HUB PROPERTIES, INC.

## DEFENDANTS
OMNICARE PHARMACEUTICS, INC and OMNICARE CLINICAL RESEARCH, INC.

(b) County of Residence of First Listed Plaintiff  **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  **Montgomery**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: INLAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul S. Diamond; Steven A. Haber, Stephen W. Ching, William K. Pelosi
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th floor, 1617 J.F.K. Boulevard
Philadelphia, PA 19103    (215)665-3000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

[Checkbox list of nature of suit categories across CONTRACT, TORTS, FORFEITURE/PENALTY, BANKRUPTCY, OTHER STATUTES, with "190 Other Contract" marked with X]

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appealed to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statue under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of contract and unjust enrichment seeking past rent, accelerated rent, and other moneys due pursuant to commercial lease and related default.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23
DEMAND $ damages in excess of $75,000
CHECK YES only if demanded in complaint
JURY DEMAND: [ ] YES [x] NO

## VIII. RELATED CASES(S) IF ANY (See Instructions)
JUDGE _____ DOCKET NUMBER _____

DATE  5-15-02

SIGNATURE OF ATTORNEY OF RECORD  /s/ William A. Pelosi

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

383050

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| BARRY M. PORTNOY and<br>GERARD M. MARTIN, as Trustees for<br>HUB PROPERTIES TRUST<br>400 Centre Street, Newton, MA 02458<br><br>vs.<br><br>OMNICARE PHARMACEUTICS, INC.<br>630 Allendale Road, King of Prussia, PA 19406<br>and<br>OMNICARE CLINICAL RESEARCH, INC.<br>630 Allendale Road, King of Prussia, PA 19406 | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  (xx)

May 15, 2002
Date

William K. Pelosi, Esquire
Attorney for Plaintiffs

383257

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 400 Centre Street, Newton, MA 02458

Address of Defendant: 630 Allendale Road, King of Prussia, PA

Place of Accident. Incident or Transaction.     Fort Washington, PA
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒
RELATED CASE, IF ANY:

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐    No ☒

2. Does this case involve the same issue of factor grow out of the same transaction as a prior suit pending a within one year previously terminated action in this court?
Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐    No ☒

CIVIL: (Place ✓ ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. X Insurance Contract and Other Contacts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability-Asbestos
9. ☐ All other Diversity Cases
(Please specify)
BREACH OF CONTRACT; UNJUST ENRICHMENT

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I, WILLIAM K. PELOSI, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:   May 15, 2002        _William X Pelo-_            72882
                                 Attorney-at-Law        Attorney I.D #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   May 15, 2002        _William X Pelo-_            72882
                                 Attorney-at-Law        Attorney I.D #

381000



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY M. PORTNOY and<br>GERARD M. MARTIN, as Trustees for<br>HUB PROPERTIES TRUST<br>400 Center Street<br>Newton, MA 02458,<br><br>              Plaintiffs,<br><br>     v.<br><br>OMNICARE PHARMACEUTICS, INC.<br>630 Allendale Road<br>King of Prussia, PA 19406<br>          and<br>OMNICARE CLINICAL RESEARCH, INC.<br>630 Allendale Road<br>King of Prussia, PA 19406,<br><br>              Defendants. | CIVIL ACTION<br><br>02-cv-2905 |

## COMPLAINT

Plaintiffs, Barry M. Portnoy and Gerard M. Martin, as trustees for HUB Properties Trust ("HUB" or "Landlord"), by their attorneys, complain of Defendants Omnicare Pharmaceutics, Inc. ("Omnicare" or "Tenant") f/k/a Bio-Pharm Pharmaceutics Services, Inc. ("Bio-Pharm") and Omnicare Clinical Research, Inc. ("OCR" or "Guarantor") f/k/a IBAH, Inc. as follows:

### NATURE OF ACTION

1. Landlord brings this action against Tenant and Guarantor seeking approximately $13,000,000 in accelerated rent due and owing as a result of Tenant's refusal to pay rent for a commercial office building, the lease for which does not expire until February of 2012. Tenant has advised that it intends completely to abandon the

380735

premises by the end of August 2002. Landlord also seeks damages arising from Defendants' failure to fulfill its contractual obligations and restore the premises which were damaged by a flood caused by Tropical Storm Allison in June of 2001.

## PARTIES

2. Plaintiffs, Barry M. Portnoy and Gerard M. Martin, are residents of Massachusetts, and are the trustees for HUB, a Maryland real estate investment trust, with its principal place of business at 400 Centre Street, Newton, MA 02458.

3. Plaintiffs, Barry M. Portnoy and Gerard M. Martin, have the authority to manage and dispose of assets on behalf of HUB, and to sue on its behalf.

4. Defendant Omnicare is a Delaware corporation with its principal place of business at 630 Allendale Road, King of Prussia, Pennsylvania.

5. Defendant OCR is a Delaware corporation with its principal place of business at 630 Allendale Road, King of Prussia, Pennsylvania.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship of the parties and because the amount in controversy exceeds $75,000.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims arose in substantial part through events and omissions in this district.

## FACTUAL BACKGROUND

8. On December 3, 1996, Bio-Pharm Pharmaceutics Services, Inc. entered into a Lease Agreement (the "Lease") with 525 Virginia Drive Associates Limited Partnership ("VDA") for certain commercial real estate known as 525 Virginia Drive,

Fort Washington, Pennsylvania (the "Premises"). A copy of the Lease is attached hereto as Exhibit "A" and is incorporated herein by reference.

9. On December 3, 1996, I.B.A.H., Inc. executed a Lease Guaranty, whereby it unconditionally guaranteed to VDA, its successors and assigns, the full and prompt payment of all rent payable by Tenant under the Lease and the full, faithful and prompt performance and observance of all the covenants, terms, conditions and agreements to be performed or observed by Tenant. A copy of the Lease Guaranty is attached as Exhibit "B," and is incorporated herein by reference.

10. The term of the Lease is for 15 years and expires on February 16, 2012. The Fixed Basic Rent is $12,378,000 for the term, payable in monthly payments that increase according to an agreed upon schedule.

11. The Lease is a "triple-net lease" and requires the Tenant to pay the Landlord the Fixed Basic Rent, as well as to pay for all real estate taxes, utilities and insurance as required by the Lease.

12. Section 8.01 of the Lease provides:

Tenant's Obligations. Subject to Landlord's obligations set forth in this Lease, Tenant shall, throughout the Term, keep the Premises in good working order and condition, at Tenant's sole cost and expense, including all driveways, parking areas, curbs, landscaped areas, and sidewalks, and other improvements now or hereafter erected thereon, including but not limited to the roof, HVAC equipment, finishes, plumbing, lighting and other improvements now or hereafter located upon the Building, or any part of the Premises. Tenant shall, at Tenant's sole cost and expense, during the entire Term, engage a reputable and licensed mechanical contractor to provide routine preventive maintenance service on the heating, ventilation and air conditioning equipment ("HVAC") pursuant to a written service contract, and shall provide a copy of same to Landlord promptly following receipt of same. Tenant shall also provide Landlord with a list of contractors whom Tenant has engaged pursuant to a written agreement for scheduled maintenance or routine repairs of the premises, or the systems or equipment therein. At the expiration of the Term, Tenant

shall deliver the Premises in broom clean condition, reasonable wear and tear excepted.

13. Section 8.02 of the Lease provides:

> Landlord's Obligations. Landlord shall be responsible for and covenants and agrees to maintain in good condition all structural and weight bearing elements of the Building, and shall make all structural repairs to the Building, including but not limited to the external walls, weight-bearing elements and base flooring (below floor covering). Notwithstanding anything to the contrary contained in this Section 8.02, Landlord shall not be responsible for repairs or replacements necessary to correct damage caused by Tenant or Tenant's invitees.

14. Pursuant to the Lease, Tenant was responsible for procuring and maintaining flood insurance. Exhibit "A" at Page 13, Section 10.01.

15. Section 10.02 of the Lease provides in pertinent parts:

> (a) In the case the Premises or any portion thereof shall be totally or partially damaged or destroyed by fire or by any other casualty whatsoever, then Landlord and Tenant shall proceed with reasonable promptness, and in accordance with paragraph (c) below, to repair and restore the Premises to at least as good a condition as that which existed immediately before the fire or other casualty and during such repair period, there shall be an abatement of rent.

\* \* \*

> (c) All repairs, restoration and reconstruction to the interior of the Building, or other portions of the Premises comprising Tenant Work shall be performed by Tenant ... All repairs, restoration and reconstruction to the exterior of the Building, or other exterior improvements to the Premises shall be performed by the Landlord.

16. On September 19, 1997, VDA assigned its rights under the Lease and Lease Guaranty to HUB. A copy of the assignment is attached as Exhibit "C" and incorporated herein by reference.

17. On September 19, 1997, Bio-Pharm Pharmaceutics Services, Inc. changed its name to IBAH Pharmaceutics Services, Inc. Then, on June 15, 2000, IBAH

Pharmaceutics Services, Inc. changed its name to Omnicare Pharmaceutics, Inc. A copy of the Certificates of Amendment of Certificate of Incorporation evidencing these name changes is attached as Exhibit "D."

18. On June 21, 2000, IBAH, Inc. changed its name to Omnicare Clinical Research, Inc. A copy of the Certificate of Amendment of Certificate of Incorporation evidencing this name change is attached as Exhibit "E."

19. On June 16 and 17, 2001, Tropical Storm Allison caused the Premises to suffer flood damage.

20. After the damage to the Premises caused by the flood, Landlord agreed temporarily to abate Omnicare's obligation to pay rent until the flood damage to the Premises could be repaired, as provided for under section 10.02(a) of the Lease.

21. Section 10.02 of the Lease requires both the Landlord and the Tenant to "...proceed with reasonable promptness... to repair and restore the Premises to at least as good a condition as that which existed immediately prior to such...casualty...."

22. HUB quickly completed all of the repairs it was obligated to perform to the exterior of the building and other exterior improvements to the Premises.

23. Omnicare completed only some of the repairs to the interior of the building for which it was responsible, and upon information and belief resumed operations in a portion of the Premises by August 30, 2001.

24. Despite resuming operations in the Premises, Tenant has not resumed paying rent.

25. As of the date of this Complaint, Tenant still has not completed the repairs necessary to restore the Premises to at least as good a condition as that which existed immediately prior to the flood.

26. Tenant has notified Landlord that it does not intend to make any further repairs to the Premises.

27. Had Tenant proceeded with reasonable promptness in performing the repairs it was required to perform under the Lease, said repairs would have been completed by October 1, 2001.

28. Omnicare has notified HUB of its intention to abandon the Premises no later that August 31, 2002.

29. On March 12, 2002, HUB served a notice of default and notice of acceleration (the "Notice") on the Tenant and the Guarantor, a copy of which is attached as Exhibit "F."

30. The Notice informed Tenant and Guarantor that Landlord was exercising its right under the Lease to accelerate Tenant's rental obligations as well as Tenant's additional rent obligations (collectively, the "Full Accelerated Rent"). Demand was made for the immediate payment of the Full Accelerated Rent.

31. Despite receipt of the Notice, neither Tenant nor the Guarantor sought to cure the default by paying the overdue rent or by completing repairs to the Premises.

32. Despite demand by the Landlord, neither Tenant nor the Guarantor have paid the Full Accelerated Rent due and owing under the Lease.

33. Despite demand by the Landlord, neither Tenant nor the Guarantor have completed the repairs necessary to restore the premises to at least as good a condition as it was in prior to the flood.

### COUNT I
### Breach of Contract
### Landlord v. Tenant

34. HUB incorporates paragraphs 1 through 33 above as though fully set forth herein at length.

35. HUB at all times satisfied all of its obligations under the Lease.

36. The actions and inactions described above constitute a material breach of the Lease.

37. As a result of Omnicare's material breaches of the Lease, HUB has suffered and will suffer significant damages.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant Omnicare Pharmaceutics, Inc. for damages in excess of $75,000, including interest and costs, including attorneys' fees, and such other relief as the Court deems just and proper.

### COUNT II
### Breach of Contract
### Landlord v. Guarantor

38. HUB incorporates paragraphs 1 through 37 above as though fully set forth herein at length.

39. HUB provided Guarantor with a copy of any and all notices of default that were given to the Tenant as required under the terms of the Lease.

380735                                    7

40. Guarantor has failed to pay the rent owed by Tenant to the Landlord.

41. Guarantor has failed to ensure the full, faithful and prompt performance and observance of all covenants, terms, conditions and agreements in the Lease that are required to be performed by the Tenant.

42. The actions and inactions described above constitute a material breach of the Lease Guaranty.

43. As a result of OCR's material breaches of the Lease Guaranty, HUB has suffered and will suffer significant damages.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant Omnicare Clinical Research, Inc. for damages in excess of $75,000, including interest and costs, including attorneys' fees, and such other relief as the Court deems just and proper.

### COUNT III
### Unjust Enrichment
### Landlord v. Tenant and Guarantor

44. HUB incorporates paragraphs 1 through 43 above as though fully set forth herein at length.

45. Defendants have been unjustly enriched as a result of their use and occupancy of the Premises after June 16, 2001, without having paid the Landlord any rent.

46. In the alternative, Defendants have been unjustly enriched by not paying any rent since October 1, 2001, when they would have completed the restoration of the Premises had they acted with reasonable promptness to complete the repairs.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants Omnicare Pharmaceuticals, Inc. and Omnicare Clinical Research, Inc. for damages in excess of $75,000, including interest and costs, including attorneys' fees, and such other relief as the Court deems just and proper.

By: *[signature: Steven Haber]*

Paul S. Diamond, Esquire
Attorney ID No. 25385
Steven A. Haber, Esquire
Attorney ID No. 54229
Stephen W. W. Ching, Esquire
Attorney ID No. 71840
William K. Pelosi, Esquire
Attorney ID No. 72882
Attorneys for Plaintiff

OBERMAYER REBMANN MAXWELL & HIPPEL LLP
One Penn Center – 19th floor
1617 J.F.K. Boulevard
Philadelphia, PA  19103
215-665-3000

DATED:  May 15, 2002

380735                                              9