IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARRY M. PORTNOY and
GERARD M. MARTIN, as Trustees for
HUB PROPERTIES TRUST,

        Plaintiffs,

vs.

OMNICARE PHARMACEUTICS, INC. and
OMNICARE CLINICAL RESEARCH, INC.,

        Defendants.

CIVIL ACTION NO. 02-CV-2905

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the parties' Joint Motion For Modification Of Pretrial Order, it is hereby ORDERED and DECREED that said Motion is GRANTED and all deadlines set forth in the Pretrial Order are hereby extended by ninety (90) days.

BY THE COURT:

_____
CLIFFORD SCOTT GREEN, Sr.J.

115304.00401/21081188v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY M. PORTNOY and<br>GERARD M. MARTIN, as Trustees for<br>HUB PROPERTIES TRUST,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>OMNICARE PHARMACEUTICS, INC. and<br>OMNICARE CLINICAL RESEARCH, INC.,<br><br>　　　　　　　Defendants. | CIVIL ACTION NO. 02-CV-2905 |

## JOINT MOTION FOR MODIFICATION OF PRETRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), and by and through their undersigned counsel, Plaintiffs Barry M. Portnoy and Gerard M. Martin, as Trustees for HUB Properties Trust (collectively "Plaintiffs") and Defendants Omnicare Pharmaceutics, Inc. and Omnicare Clinical Research, Inc. ("Defendants") respectfully move for a modification of the Pretrial Order entered by this Court on July 31, 2002, extending all deadlines by ninety (90) days.

OBERMAYER REBMAN MAXWELL & HIPPEL LLP

_/s/ Paul S. Diamond_
Paul S. Diamond
Steven A. Haber
Stephen W. Ching, Jr.
19th Floor, One Penn Center
Philadelphia, PA 19103
(215) 665-3000
Attorneys for Plaintiffs

BLANK ROME COMISKY & McCAULEY LLP

_/s/ Richard P. McElroy_
Richard P. McElroy
Adam M. Share
Todd A. Schoenhaus
One Logan Square
Philadelphia, PA 19103
(215) 569-5500
Attorneys for Defendants

Dated: November 6, 2002

115304.00401/21079543v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARRY M. PORTNOY and
GERARD M. MARTIN, as Trustees for
HUB PROPERTIES TRUST,

      Plaintiffs,

vs.

OMNICARE PHARMACEUTICS, INC. and
OMNICARE CLINICAL RESEARCH, INC.,

      Defendants.

CIVIL ACTION NO. 02-CV-2905

**JOINT MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION FOR MODIFICATION OF PRETRIAL ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b), and by and through their undersigned counsel, Plaintiffs Barry M. Portnoy and Gerard M. Martin, as Trustees for HUB Properties Trust (collectively "plaintiffs") and Defendants Omnicare Pharmaceutics, Inc. and Omnicare Clinical Research, Inc. ("defendants") respectfully submit this Joint Memorandum of Law in support of their Joint Motion for Modification of the Pretrial Order entered by this Court on July 31, 2002. For the reasons set forth below, good cause exists for extending by ninety (90) days the time by which the parties must complete discovery and meet all other deadlines.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs commenced this action with the filing of a Complaint on May 15, 2002, seeking, *inter alia*, approximately $13,000,000 in accelerated rent allegedly owed pursuant to a Lease Agreement ("the Lease") for commercial real estate located at 525 Virginia Drive, Fort

Washington, Pennsylvania ("the Premises"). The Complaint alleges breach of contract and unjust enrichment on the grounds that, after Tropical Storm Allison caused flood damage to the Premises on June 16 and 17, 2001, defendants failed to restore the Premises and pay rent. By stipulation of the parties filed on June 10, 2002, defendants filed their Answer and Affirmative Defenses on July 10, 2002. Then, on July 31, 2002, this Court entered a Pretrial Order setting November 29, 2002 as the close of discovery and 15 days thereafter as the deadline for motions, and placing the case in the trial pool on December 27, 2002.

After the Court's Pretrial Order, the parties began discovery by exchanging Initial Disclosures on August 27 and 28, 2002. These Disclosures prompted mutual Requests for Documents, which the parties served in September and responded to in October, within the allotted 30 day period.[1] In addition, defendants have subpoenaed insurance records from Chubb Insurance pertaining to the Premises, which they expect to receive by November 18, 2002, and which will likely precipitate additional discovery. Defendants also intend to seek further discovery pertaining to the parties' communications with Upper Dublin Township with respect to real estate tax assessment appeals that plaintiffs are currently pursuing.

Moreover, the parties have noticed numerous depositions within the last six weeks – three of which have already occurred (defendants' corporate designees were deposed on October 29th and 30th in Pennsylvania and Jeff Moore from defendants' customer Novartis Animal Health was deposed on October 31st in North Carolina). Defendants subpoenaed David Fant of Sanofi-

---

[1] In connection with a Confidentiality Stipulation the parties signed on October 9, 2002, defendants produced over 11,000 pages of documents. Plaintiffs produced approximately 4000 pages. Defendants have requested from plaintiffs certain real estate appraisals in connection with plaintiffs' tax assessment appeals relating to plaintiffs' Fort Washington properties, including the property which is the subject of this lawsuit. Plaintiffs have advised defendants that final appraisals have not yet been completed or filed in the course of the tax assessment appeal proceedings, and will be produced to defendants upon completion.

2

Sythelab, another customer of defendants, for a November 7, 2002 deposition (which plaintiffs have asked to be rescheduled) and noticed the deposition of plaintiffs' corporate designee(s), the first of which is now set for November 27, 2002. Defendants also intend to depose at least two additional witnesses, including but not limited to representatives of Astra Zeneca and Durect, two other customers for whom defendants were performing work at the Premises prior to Tropical Storm Allison. Finally, on November 1, 2002, plaintiffs noticed the depositions of eight additional witnesses, some of whom are no longer within defendants' custody or control and others of which reside outside of Pennsylvania.

## ARGUMENT

The Court's Pretrial Order, setting deadlines for the completion of discovery and filing of motions, was issued pursuant to Federal Rule of Civil Procedure 16, which provides in relevant part:

> . . . [T]he district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
>
> (1)   to join other parties and to amend the pleadings;
>
> (2)   to file motions; and
>
> (3)   to complete discovery.
>
> . . . A schedule shall not be modified except upon a showing of good cause and by leave of the district judge. . . .

FED. R. CIV. P. 16(b).

The "good cause" provision of Rule 16(b) requires a movant to show that a deadline "cannot reasonably be met despite the diligence of the party needing the extension." Wright,

3

Miller & Kane, 6A FED. PRAC. & PROC. CIV. 2d § 1522.1 (citing Advisory Committee Notes to 1983 Amendments to Rule 16). The purpose of a scheduling order is to "advance the case in an orderly and prompt manner in order to secure the just, speedy, and inexpensive disposition of the case as soon as possible under the circumstances." Mines v. City of Philadelphia, Civ. A. No. 93-3052, 1994 WL 376914, at *2, (E.D. Pa. July 18, 1994) (quoting Fox v. S.P. Parks, Inc., Civ. A. No. 853371, 1986 WL 1907, at *2 (E.D. Pa. Feb. 12, 1986)). Courts have broad discretion in deciding whether to permit additional discovery. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81 (3$^d$ Cir. 1987); In re Fine Paper Antitrust Litig., 685 F.2d 810 (3$^d$ Cir. 1982); McElyea v. Navistar Int'l Transp. Corp., 788 F. Supp. 1366, 1371 (E.D.Pa.1991), aff'd. without opinion, 950 F.2d 723 (3d Cir.1991).

Good cause to extend the time for completing discovery exists in this case. As the above factual and procedural background illustrates, the parties have been quite diligent in conducting discovery and attempting to comply with the Court's Pretrial Order. They have responded to document requests in timely fashion, exchanged thousands of pages of documents and conducted several depositions. Additional documents are forthcoming and numerous depositions pending. Much of this discovery originates from non-parties, some located outside of Pennsylvania. Despite the parties' diligence in this regard, substantial discovery remains and additional discovery, currently unforeseen, will likely be needed as information is continually developed and shared.

In short, the parties cannot reasonably complete discovery by November 29, 2002 – a mere three months after the exchange of Initial Disclosures. Indeed, comprehensive discovery is pivotal to both parties, as the claims and defenses in this case are closely tied to the documents and testimony of others. Plaintiffs are seeking in excess of $13 million. These circumstances

4

115304.00401/21079543v1

justify the Court's exercise of discretion in modifying its Pretrial Order and extending by ninety (90) days all deadlines contained therein.

## CONCLUSION

For the foregoing reasons, Plaintiffs Barry M. Portnoy and Gerard M. Martin, as Trustees for HUB Properties Trust and Defendants Omnicare Pharmaceutics, Inc. and Omnicare Clinical Research, Inc. respectfully ask that this Court grant their Joint Motion for Modification of the Pretrial Order and extend by ninety (90) days all deadlines contained therein.

| OBERMAYER REBMAN MAXWELL & HIPPEL LLP | BLANK ROME COMISKY & McCAULEY LLP |
|---|---|
| */s/ Paul S. Diamond* | */s/ Richard P. McElroy* |
| Paul S. Diamond | Richard P. McElroy |
| Steven A. Haber | Adam M. Share |
| Stephen W. Ching, Jr. | Todd A. Schoenhaus |
| 19th Floor, One Penn Center | One Logan Square |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |
| (215) 665-3000 | (215) 569-5500 |
| Attorneys for Plaintiffs | Attorneys for Defendants |

Dated: November 6, 2002

115304.00401/21079543v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2002, I caused a true and correct copy of the foregoing Joint Motion For Modification Of Pretrial Order, and proposed Order, to be served upon the following counsel by first class United States Mail:

>Stephen W. Ching, Esquire
>OBERMAYER REBMANN MAXWELL & HIPPEL LLP
>One Penn Center Plaza, 19th Floor
>1617 John F. Kennedy Boulevard
>Philadelphia, PA  19103

_____
TODD A. SCHOENHAUS