IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY M. PORTNOY and<br>GERARD M. MARTIN, as Trustees for<br>HUB PROPERTIES TRUST,<br><br>            Plaintiffs,<br><br>vs.<br><br>OMNICARE PHARMACEUTICS, INC. and<br>OMNICARE CLINICAL RESEARCH, INC.,<br><br>            Defendants. | CIVIL ACTION NO. 02-CV-2905 |

### ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of the parties' Second Joint Motion For Modification Of Pretrial Order, it is hereby ORDERED and DECREED that said Motion is GRANTED and all deadlines set forth in the Pretrial Order, as modified by the Court's November 18, 2002 Order, are hereby extended as follows:

1. All discovery in this case is to be completed by April 14, 2003.

2. Pretrial motions or motions for summary judgment are to be filed by May 19, 2003.

3. This case will be placed in the trial pool (published in the Legal Intelligencer) on _____.

4. All other terms of the Court's July 31, 2002 Pretrial Order remain the same.

BY THE COURT:

_____
CLIFFORD SCOTT GREEN, Sr.J.

115304.00401/21129183v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY M. PORTNOY and<br>GERARD M. MARTIN, as Trustees for<br>HUB PROPERTIES TRUST,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>OMNICARE PHARMACEUTICS, INC. and<br>OMNICARE CLINICAL RESEARCH, INC.,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO. 02-CV-2905 |

## SECOND JOINT MOTION FOR MODIFICATION OF PRETRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), and by and through their undersigned counsel, Plaintiffs Barry M. Portnoy and Gerard M. Martin, as Trustees for HUB Properties Trust (collectively "Plaintiffs") and Defendants Omnicare Pharmaceutics, Inc. and Omnicare Clinical Research, Inc. ("Defendants") respectfully move for a modification of the Pretrial Order entered by this Court on July 31, 2002 and modified on November 18, 2002, so that all deadlines contained therein are extended as set forth in the proposed Order.

| | |
|---|---|
| OBERMAYER REBMAN MAXWELL & HIPPEL LLP<br><br>*/s/ Paul S. Diamond*<br>Paul S. Diamond<br>Steven A. Haber<br>Stephen W. Ching, Jr.<br>19th Floor, One Penn Center<br>Philadelphia, PA 19103<br>(215) 665-3000<br>Attorneys for Plaintiffs | BLANK ROME LLP<br><br>*/s/ Richard P. McElroy*<br>Richard P. McElroy<br>Adam M. Share<br>Todd A. Schoenhaus<br>One Logan Square<br>Philadelphia, PA 19103<br>(215) 569-5500<br>Attorneys for Defendants |

Dated: March 13, 2003

115304.00401/21129183v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY M. PORTNOY and<br>GERARD M. MARTIN, as Trustees for<br>HUB PROPERTIES TRUST,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>OMNICARE PHARMACEUTICS, INC. and<br>OMNICARE CLINICAL RESEARCH, INC.,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO. 02-CV-2905 |

## JOINT MEMORANDUM OF LAW IN SUPPORT OF SECOND
## JOINT MOTION FOR MODIFICATION OF PRETRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), and by and through their undersigned counsel, Plaintiffs Barry M. Portnoy and Gerard M. Martin, as Trustees for HUB Properties Trust (collectively "plaintiffs") and Defendants Omnicare Pharmaceutics, Inc. and Omnicare Clinical Research, Inc. ("defendants") respectfully submit this Joint Memorandum of Law in support of their Second Joint Motion for Modification of the Pretrial Order entered by this Court on July 31, 2002, modified on November 18, 2002, and requested to be modified further on February 18, 2003 in Plaintiffs' Motion for Modification of Pretrial Order, currently pending before this Court. For the reasons set forth below, good cause exists for another brief extension of the time by which the parties must complete discovery and meet all other deadlines.

115304.00401/21129183v1

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs commenced this action with the filing of a Complaint on May 15, 2002, seeking, *inter alia*, approximately $13,000,000 in accelerated rent allegedly owed pursuant to a Lease Agreement ("the Lease") for commercial real estate located at 525 Virginia Drive, Fort Washington, Pennsylvania ("the Premises"). The Complaint alleges breach of contract and unjust enrichment on the grounds that, after Tropical Storm Allison caused flood damage to the Premises on June 16 and 17, 2001, defendants failed to restore the Premises and pay rent. By stipulation of the parties filed on June 10, 2002, defendants filed their Answer and Affirmative Defenses on July 10, 2002. Then, on July 31, 2002, this Court entered a Pretrial Order setting November 29, 2002 as the close of discovery and 15 days thereafter as the deadline for motions, and placing the case in the trial pool on December 27, 2002. On November 18, 2002, the Court granted a Joint Motion for Modification of the Pretrial Order extending the deadlines by ninety (90) days. On February 18, 2003, Plaintiffs filed an unopposed Motion for Modification of the Pretrial Order seeking a fourteen (14) day extension of all prior deadlines. This Court has not yet ruled on Plaintiffs' Motion.

After the Court's Pretrial Order, the parties began discovery by exchanging Initial Disclosures on August 27 and 28, 2002. These Disclosures prompted mutual Requests for Documents, which the parties served in September and responded to in October, within the allotted 30 day period. The parties have exchanged thousands of documents and have obtained thousands of additional documents from non-party witnesses, more of which may be forthcoming as these non-parties continue to respond to subpoenas served weeks if not months ago. In addition, fifteen depositions have been completed over the past several months, and four more are scheduled to take place over the next few weeks. Because of the schedules of

2

defendants' former employees (including the former president of Omnicare Pharmaceutics, Inc.) as well as certain non-party witnesses, many of whom work or reside outside of Pennsylvania, these depositions cannot be completed prior to the current discovery deadline nor within the timeframe requested in plaintiffs' prior motion.[1] A brief extension should be sufficient to allow the parties to complete all of the necessary discovery. Further, due to the voluminous discovery in this case (tens of thousands of pages of documents and thousands of pages of deposition transcripts), the parties respectfully request additional time to prepare their summary judgment motions.

## ARGUMENT

The Court's Pretrial Order, setting deadlines for the completion of discovery and filing of motions, was issued pursuant to Federal Rule of Civil Procedure 16, which provides in relevant part:

> . . . [T]he district judge, or a magistrate judge when authorized by district court rule, shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
>
> > (1)   to join other parties and to amend the pleadings;
> >
> > (2)   to file motions; and
> >
> > (3)   to complete discovery.
>
> . . . A schedule shall not be modified except upon a showing of good cause and by leave of the district judge. . . .

FED. R. CIV. P. 16(b).

---

[1] Kenneth Feld, the former president of Omnicare Pharmaceutics, Inc., was finally deposed, after a protracted delay, on March 3, 2003. However, that deposition was not completed. Additionally, on March 6, 2003, through his independent counsel, Jim McDevitt, Omnicare Pharmaceutics, Inc.'s former director of finance, canceled his deposition scheduled for the following day. The parties are awaiting new dates for these depositions to be rescheduled as soon as possible.

3

The "good cause" provision of Rule 16(b) requires a movant to show that a deadline "cannot reasonably be met despite the diligence of the party needing the extension." Wright, Miller & Kane, 6A FED. PRAC. & PROC. CIV. 2d § 1522.1 (citing Advisory Committee Notes to 1983 Amendments to Rule 16). The purpose of a scheduling order is to "advance the case in an orderly and prompt manner in order to secure the just, speedy, and inexpensive disposition of the case as soon as possible under the circumstances." Mines v. City of Philadelphia, Civ. A. No. 93-3052, 1994 WL 376914, at *2, (E.D. Pa. July 18, 1994) (quoting Fox v. S.P. Parks, Inc., Civ. A. No. 853371, 1986 WL 1907, at *2 (E.D. Pa. Feb. 12, 1986)). Courts have broad discretion in deciding whether to permit additional discovery. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81 ($3^d$ Cir. 1987); In re Fine Paper Antitrust Litig., 685 F.2d 810 ($3^d$ Cir. 1982); McElyea v. Navistar Int'l Transp. Corp., 788 F. Supp. 1366, 1371 (E.D.Pa.1991), aff'd. without opinion, 950 F.2d 723 (3d Cir.1991).

Good cause to extend the time for completing discovery exists in this case. The parties have responded to document requests, exchanged thousands of pages of documents and obtained thousands of pages from non-parties, and conducted numerous depositions. Additional documents may be forthcoming and multiple depositions pending. Much of this discovery originates from non-parties, some located outside of Pennsylvania. Despite the parties' efforts in this regard, substantial discovery remains.

In short, the parties could not reasonably complete discovery yet and need a few extra weeks to do so, as well as additional time after the close of discovery in which to file their summary judgment motions. Indeed, comprehensive discovery is pivotal to both parties, as the claims and defenses in this case are closely tied to the documents and testimony of others. Plaintiffs are seeking in excess of $13 million. These circumstances justify the Court's exercise

of discretion in modifying its Pretrial Order again and extending the discovery and motions deadlines contained therein by thirty (30) days and fifty (50) days, respectively, beyond the extension already requested in Plaintiffs' Motion for Modification of Pretrial Order, filed on February 18, 2003 and currently pending before this Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs Barry M. Portnoy and Gerard M. Martin, as Trustees for HUB Properties Trust and Defendants Omnicare Pharmaceutics, Inc. and Omnicare Clinical Research, Inc. respectfully ask that this Court grant their Second Joint Motion for Modification of the Pretrial Order and extend all deadlines as set forth in the proposed Order.

OBERMAYER REBMAN MAXWELL & HIPPEL LLP          BLANK ROME LLP

_____          _____
Paul S. Diamond                                  Richard P. McElroy
Steven A. Haber                                  Adam M. Share
Stephen W. Ching, Jr.                            Todd A. Schoenhaus
19th Floor, One Penn Center                      One Logan Square
Philadelphia, PA 19103                           Philadelphia, PA 19103
(215) 665-3000                                   (215) 569-5500
Attorneys for Plaintiffs                         Attorneys for Defendants

Dated: March 13, 2003

115304.00401/21129183v1